IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STACY A. NABER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. 09-946-MPT |
| | : | |
| DOVER HEALTHCARE ASSOCIATES, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

**I. Introduction**

On December 9, 2009, plaintiff, Stacy A. Naber ("plaintiff") brought this action against defendant, Dover Healthcare Associates, Inc. d/b/a Silver Lake Center ("defendant") under the ADA and FMLA.[1] Defendant filed a motion for summary judgment on October 29, 2010, which was granted on February 24, 2011.[2] On April 6, 2011, defendant filed a bill of costs against plaintiff.[3] Plaintiff filed objections to the bill of costs on April 14, 2011.[4] The Clerk denied the bill of costs on May 12, 2011.[5] The court denied defendant's motion for review of the Clerk's taxation on June 11, 2011, finding that it was filed prematurely.[6]

On appeal, the Third Circuit affirmed the decision of this court, granting summary judgment in favor of defendant. Defendant filed an amended bill of costs on May 7,

---

[1] D.I. 1.
[2] *Id.*
[3] D.I. 50.
[4] D.I. 51.
[5] D.I. 52.
[6] D.I. 54.

2012.[7]  Plaintiff filed objections to the amended bill of costs on May 21, 2012.[8]  The Clerk granted defendant's request for reimbursement on August 23, 2012 in the amount of $2,188.50 for the cost incurred in taking plaintiff's deposition.[9]  Plaintiff filed a motion for review of the Clerk's second taxation of costs on August 30, 2012.[10]  Defendant did not file a response to plaintiff's motion.  The court now addresses plaintiff's motion for review of the Clerk's award of $2,188.50 to defendant.

## II.   Discussion

### A.   Legal Standard

FED. R. CIV. P. 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  There is a "strong presumption" that costs are to be awarded to the prevailing party.[11]  This court's Local Rule 54.1(c) provides a defendant is the prevailing party "upon a dismissal or summary judgment or other termination of the case without judgment for the plaintiff on the merits."[12]  28 U.S.C. § 1920 enumerates taxable costs.[13]  In reviewing a request for costs under Rule 54(d) and 28 U.S.C. § 1920, the

---

[7] D.I. 56.
[8] D.I. 57.
[9] D.I. 58.
[10] D.I. 59.
[11] *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).
[12] LR 54.1(c).
[13] Taxable costs include:  (1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) fees and disbursements for printing and witnesses; (3) fees for exemplification and the costs for copies of any materials where the copies are necessarily obtained for use in the case; (4) docket fees; and (6) compensation of court appointed experts. 28 U.S.C § 1920.

court must apply the law of the regional circuit, in this matter the Third Circuit.[14] Local Rule 54.1(b)(3) provides, in pertinent part, that:

> The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.[15]

### B. Position of the Parties

#### 1. *Defendant*.

Defendant argues it relied on a substantial portion of plaintiff's deposition testimony, and attached 111 pages of that deposition transcript to its original motion. Furthermore, defendant asserts the court reporter's charge in connection with plaintiff's deposition was based on services rendered in providing a transcript of plaintiff's entire deposition testimony at a total cost of $2,238.50. On defendant's second bill of costs, the Clerk awarded defendant the entire cost of the deposition minus a $50.00 travel expense, which amounted to $2,188.50. Defendant contends as the prevailing party, it is entitled to these deposition costs pursuant to FED. R. CIV. P. 54(d) and 28 U.S.C. §1920.

#### 2. *Plaintiff*.

Plaintiff asserts defendant is not entitled to recover the transcription costs of the deposition because the entire deposition was not received into evidence. Plaintiff

---

[14] *Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1356 (Fed. Cir. 2009) ("We apply the law of the regional circuit, here the Fourth Circuit, in reviewing the award of costs under Rule 54(d) and 28 U.S.C. § 1920.").
[15] LR 54.1(b)(3).

maintains defendant is entitled to, at most, those portions of the deposition actually cited in the summary judgment briefing and/or the court's opinion, emphasizing that defendant only attached 111 pages of the deposition transcript out of a total of 381 pages in support of its motion. Therefore, plaintiff contends that she should only be charged for, at most, one-half of the transcript costs.

**III. Analysis**

As the prevailing party, defendant seeks transcription costs under D. DEL. LR 54.1(b) and 28 U.S.C. § 1920, for the deposition conducted with plaintiff. Local Rule 54.1(b)(3) focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on counsel's use or subjective view of the deposition as important or unimportant.[16] Additionally, the deposition must not only be actually used, but also the portion used must be substantial.[17] The primary issue here is whether a substantial portion of plaintiff's deposition was used to resolve the material issues in this case. Before the court were plaintiff's discrimination claim under the ADA and her retaliation claim under the FMLA. Thus, in order to qualify for deposition costs, a substantial portion of plaintiff's deposition must have been used to resolve one or both of these issues.

In *Honeywell*, this court denied deposition costs to the prevailing party, finding that it had not used a *substantial portion* of the depositions in the resolution of a material issue in the case.[18] The court highlighted the fact that the prevailing party had not

---

[16] *Honeywell Int'l, Inc.v. Hamilton Sunstrand Corp.*, C. A. No. 99-309 (GMS), 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009).
[17] *Id.*
[18] *Id.*

entered any portion of three of the depositions into the record or presented them at trial.[19] Further, the court found that merely mentioning a deposition in an opening statement, or using it to prepare for the cross-examination of witnesses, did not constitute as being used in the resolution of a material issue.[20] Moreover, the court found that merely quoting eight words out of a 278-page deposition was not enough to constitute a substantial portion.[21] Therefore, the court in *Honeywell* found that the prevailing party could not recover its deposition transcript expenses.[22]

In addition, in the recent decision in *Cordance Corp. v. Amazon.com, Inc.*,[23] this court followed the standard established in *Honeywell* for determining the taxation of deposition costs and analyzed whether "a *substantial* portion of the deposition was actually *used* in the resolution of a material issue."[24] The court found therein that the prevailing party should be reimbursed for a deposition that was referenced in forty-four pages of the trial transcript and in an expert witness's report, determining that 25% of the deposition transcript constituted a substantial portion, and the issue addressed in the deposition regarding the patented program feature, was "clearly an important relevant issue."[25] The claimant was awarded its transcription costs; however, the court pointed out that use of only 8 to 12% of a deposition at trial did not constitute a substantial portion, even if that portion related to a material issue in the case.[26]

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] 855 F. Supp. 2d 244 (D. Del. 2009).
[24] *Id.* at 253.
[25] *Id.* at 255.
[26] *Id.* at 254-55.

*United Access Techs., LLC v. Earthlink, Inc.*[27] found the prevailing party failed to demonstrate that a substantial portion of the depositions taken were used to resolve the material issues, and thus claimant was not entitled to deposition costs. Since one deposition was only referenced in a total of thirteen pages of the trial transcript, while other depositions were used in three and five pages of the trial record, the use of each deposition was insufficient to demonstrate a substantial portion was used, and therefore, the court held the prevailing party was not entitled to recover deposition costs.[28]

The instant matter involves ADA discrimination and FMLA retaliation claims, which were resolved in favor of defendant on summary judgment, and upheld on appeal. In analyzing the factual and legal issues, this court heavily relied on plaintiff's deposition. In fact, plaintiff's deposition is cited throughout the opinion, on almost every page of the background section, and numerous times within the discussion section. In total, plaintiff's deposition was cited by the court over 68 times throughout the opinion.

Unlike *Cordance* and *Earthlink*, in the present matter, plaintiff's deposition was relevant to the issues and was extensively used by defendant, as evidenced by the number of times it was referenced by the court throughout its opinion. In addition, defendant attached 111 pages out of a total of 381 pages in support of its motion for summary judgment, which amounts to almost one-third of the entire transcript, and thus, constitutes a substantial portion.[29] Because a substantial portion of plaintiff's deposition

---

[27] No. 02-272-MPT, WL2175786, *1 (D. Del. 2012).
[28] *Id.* at *7.
[29] *Cordance*, 855 F. Supp. 2d at 255 (finding use of 25% of deposition transcript is substantial portion).

transcript was used in deciding the material issues of the case, defendant is entitled to the reasonable costs incurred for taking that deposition.  Therefore, plaintiff's motion for review is denied, and the Clerk's taxation of deposition costs in the amount of $2,188.50 is affirmed.